IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLINE PURVIS | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-00520 |
| | § | |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| *Defendant.* | § | |

**DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE MAGISTRATE JOHN FROESCHNER:

Defendant Texas A&M University files this, its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), and would respectfully shows as follows:

**BACKGROUND**

Plaintiff Caroline Purvis brings this suit alleging claims of disability discrimination under the Rehabilitation Act and the American with Disabilities Act (ADA) and a violation of Title IX. *Complaint* ¶¶ 3, 4. More specifically, Purvis appears to claim that she was denied readmission to Texas A & M's Maritime Academy due to a disability, which is alleged to be an "auditory learning disability." *Complaint* ¶ 40. Purvis also claims that she was discriminated on the basis of gender because male students were treated differently than her. *Id.* Plaintiff's claims appear to stem from her being unable to gain readmission to the Academy after she suffered a back injury and had to withdraw from the program. *See id.* ¶¶ 17-25

**STANDARD OF REVIEW**

By this motion, Defendant moves for dismissal of Plaintiff's complaint pursuant to Federal Rule 12(b)(1), for lack of jurisdiction, and 12(b)(6), for failure to state a claim.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n v. Miss, Inc. v. Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In analyzing a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (*quoting Twombly*, 127 S.Ct. at 1965).

While the court accepts all well-pleaded *facts* as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss for failure to state a claim. *Id.*

## ARGUMENT & AUTHORITIES

### Lack of Jurisdiction

In the absence of consent, a suit in which the State or one of its agencies or departments is named as a defendant is prohibited by the Eleventh Amendment. *Pennhurst State School &*

*Hospital v. Halderman*, 465 U.S. 89, 100 (1984). This immunity applies regardless of whether the relief sought is legal or equitable in nature. *See id*.

Here, Plaintiff cannot demonstrate that the State's immunity to suit is waived with respect to her ADA claim. Title II of ADA, which Defendant assumes is the statutory basis for Purvis's claim (as no other provision would be remotely applicable here), has only been found to waive the state's immunity in the limited context of cases implicating access to courts, an issue not raised in this matter, or where the alleged conduct is an actual violation of the Fourteenth Amendment.[1] *See Tenn. v. Lane*, 541 U.S. 509 (2004) (access to courts); *United States v. Georgia*, 546 U.S. 151 (2006) (immunity waived if there is a violation of fundamental right under 14th Amendment). Obtaining admission to a particular public education program is not a fundamental right subject to heightened protection under the Fourteenth Amendment. *See San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973).

Plaintiff cites to no court in this circuit that has found the ADA waives immunity in the specific context alleged here—that is, alleged intentional disability discrimination in selecting candidates for admission to an academic program. Accordingly, because Plaintiff cannot demonstrate the state is subject to suit under the ADA in a case such as this, this claim must be dismissed for lack of jurisdiction.

---

[1] In the context of public education, the Fifth Circuit has considered the issue of the state's immunity with respect to suits seeking "reasonable accommodations" under Title II of the ADA and found it need not resolve that question when suit is also brought under Section 504 of the Rehabilitation Act, because the Rehabilitation Act waives immunity when a state program receives federal funds and an ADA claim is duplicative of a Rehabilitation Act claim in a suit claiming that a school failed to offer a student "reasonable accommodations" in his education program. *See Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005) (claim by hearing impaired students that school failed to offer reasonable accommodations when it failed to provide sing language interpreters for exams). This matter, however, is not a suit claiming a failure to offer "reasonable accommodations," and neither the Fifth Circuit nor the Supreme Court has found abrogation of the state's immunity under the ADA outside that context.

## Failure to State a Claim

Plaintiff's complaint is composed solely of conclusory assertions and is devoid of any facts that would, if true, serve to support her claims. Given this, her suit must be dismissed for failure to state a claim upon which relief can be granted.

1. **Disability Discrimination Claims**

Plaintiff has failed to state a claim for disability discrimination under either the Rehabilitation Act or the ADA. Section 504 of the Rehabilitation Act provides that "No otherwise qualified individual with a disability in the United States…shall, *solely* by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (emphasis added). Thus, to establish a claim for relief under § 504 (or the ADA, for that matter), the plaintiff must establish (1) that she is an "individual with a disability," (2) that the at-issue "program or activity" is federally funded, and (3) that she is "otherwise qualified" to participate in the targeted program. *See Doe v. Region 13 Mental Health-Mental Retardation Comm'n*, 704 F.2d 1402, 1408 (5th Cir.1983); *see also Brennan v. Stewart*, 834 F.2d 1248, 1260 (5th Cir. 1988); *Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997). A person is "otherwise qualified" if she is able to meet all of the targeted program's requirements *in spite of* the alleged disability. *Region 13*, 704 F.2d at 1408.

Here, Plaintiff has wholly failed to plead any *specific facts*, as required by *Ashcroft v. Iqbal*, that would support her disability discrimination claim. *See* 129 S.Ct. at 1949. (conclusory statements not sufficient to survive motion to dismiss). While Plaintiff asserts that her disability is an "auditory learning disability," Complaint ¶ 40, she wholly fails to plead any facts that would serve to demonstrate that this alleged disability was in any way a cause of her being

denied readmission to the Academy.[2] Yet, to recover under the Rehabilitation Act Purvis is required to plead some facts that would demonstrate that she was denied admission to the program "solely by reason" of the alleged disability. *See* 29 U.S.C. § 794(a). However, other than her conclusory assertion that she was discriminated against based on her disability—an allegation that, per *Iqbal,* is insufficient to overcome this motion to dismiss—there is simply nothing in Purvis's complaint that would permit this Court to find that she has pled a plausible claim for relief under the Rehabilitation Act (or the ADA). Accordingly, this claim must be dismissed for failure to state a claim. *See, e.g., Wilkens v. Toyotetsu Am., Inc.*, 2010 WL 3342229, 2010 U.S. Dist. LEXIS 87394 (W.D. Tex. Aug. 25, 2010) (granting 12(b)(6) motion pursuant to *Ashcroft v. Iqbal* where "[p]laintiffs fail to plead enough underlying facts to support their conclusory claims").

2. **Title IX claim**

Plaintiff also makes the conclusory assertion that the Defendant "discriminated against her in the educational process and that her sex became a factor in her removal from the institution and the ultimate denial of readmission to Texas A & M." *Complaint* ¶ 59. Plaintiff cites to nothing to support this claim, other than her "belief" that "that other male cadets have been injured while performing their roles as students but have not been excluded from readmission if and when they were cleared by medical examination." *Id.* ¶ 61.

However, to demonstrate entitlement to relief for gender discrimination under Title IX, a plaintiff must plead facts that would serve to demonstrate that the plaintiff was intentionally

---

[2] To the extent Purvis may argue that her disability is actually the back injury she suffered, Purvis herself pleads in her complaint that this injury is not disabling. Further, even if the injury could be considered a disability for purposes of the Rehabilitation Act or ADA, she has pled no facts to establish that, given that disability, she was "otherwise qualified" to participate in the Academy program.

discriminated against on the basis of her gender.³ *See, e.g., See Alexander v. Sandoval*, 532 U.S. 275, 280 (2001); *Fort v. Dallas Indep. Sch. Dist.*, 82 F.3d 414, 1996 WL 167072, at *3, n.3 (1996) (unpublished) (citing *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993) as holding that intentional discrimination standard applies to Title IX claims). To evaluate allegations of disparate treatment under Title IX, courts employ the analytical approach and legal authority used in Title VI (race) discrimination cases. *See Chance,* 984 F.2d at 153*; Bisong v. Univ. of Houston*, 493 F. Supp.2d 896, 904-05 (S.D. Tex. 2007) (title VI case). Accordingly, to establish a *prima facie* case of gender discrimination in the academic setting, a plaintiff must demonstrate that she or he: (1) is a member of the protected class; (2) met the university's legitimate expectations; (3) suffered an adverse action; and (4) was treated differently with respect to an academic decision because of the protected characteristic or was treated less favorably than nearly identical, similarly situated individuals who were not members of the protected class. *See Bisong*, 493 F. Supp.2d at 906.

Here, Plaintiff has wholly failed to plead any *specific facts*, as required by *Ashcroft v. Iqbal*, that would tend to support her Title IX claim. Indeed, there are no facts in the Complaint that would even begin to suggest that Purvis's gender played any part in her denial of readmission to the Academy. While Plaintiff makes the entirely conclusory assertion that "other male cadets" that suffered injuries were readmitted to the Academy but she wasn't, this is wholly insufficient to survive this motion to dismiss. Indeed, Purvis has not identified who these candidates were or specifically how they were "nearly identical" or "similarly situated" to her. Absent any alleged, specific facts to support this claim, it must be dismissed under *Iqbal* for failure to state a claim upon which relief can be granted.

---

³ The statute provides that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ." 20 U.S.C. § 1681.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court GRANT its Motion to Dismiss and dismiss Plaintiff's suit in its entirety.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


*/s/ David G. Halpern*
DAVID G. HALPERN
Texas Bar No. 00790812
Southern District I.D. No. 18301
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667  FAX

ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been sent via Electronic Filing Notification System on this the 28th day of March, 2011, to:

Anthony P. Griffin
A. Griffin Lawyers
1115 Moody
Galveston, Texas 77550

            */s/ David G. Halpern*
            DAVID G. HALPERN
            Assistant Attorney General