IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLINE PURVIS | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-00520 |
| | § | |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| *Defendant.* | § | |

### DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE MAGISTRATE JOHN R. FROESCHNER:

Defendant Texas A&M University ("TAMU") files this, its Original Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint, and would show as follows:

Pursuant to FED. R. CIV. P. 8(b), Defendant denies each and every allegation contained in Plaintiff's Third Amended Complaint except those expressly admitted herein. The numbered paragraphs below correspond to the paragraphs within the body of Plaintiff's Third Amended Complaint.

### A. Jurisdiction

1.  In this paragraph, Plaintiff sets forth the statute which invokes the jurisdiction of this Court, and as such, requires no response except that Defendant TAMU denies that it has violated any statutes with regard to Plaintiff.

2.  In this paragraph, Plaintiff sets forth the statute which invokes the jurisdiction of this Court, and as such, requires no response except that Defendant TAMU denies that it has violated any statutes with regard to Plaintiff.

3.      In this paragraph, Plaintiff sets forth the statute which invokes the jurisdiction of this Court, and as such, requires no response except that Defendant TAMU denies that it has violated any statutes with regard to Plaintiff.

## B. Venue

4.      Admit that the events, acts, and omissions giving rise to Plaintiff's claim occurred in Galveston County, Texas. Deny that venue is proper in the Galveston Division of the Southern District of Texas.

## C. Parties

5.      Admit the first sentence. Defendant is without sufficient knowledge or information to form a belief about the truth as to whether Plaintiff was and/or is a resident of Galveston County, Texas.

6.      Admit.

## D. Relevant Facts

7.      Admit the first sentence.  Admit that Plaintiff's transcripts from Galveston College show she was a member of Phi Theta Kappa.

8.      Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

9.      Admit that Plaintiff's DD-214 shows her time of active service from July 21, 1998 to July 20, 2002, the date of her discharge. Admit that Plaintiff's records state she was honorably discharged as a Third Class Quartermaster.

10.     Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

11.     Admit that Plaintiff was granted admission to Texas A&M University at Galveston ("A&M–Galveston" herein) and the Texas Maritime Academy for the Fall 2005 semester. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation regarding Plaintiff's intent.

12.     Admit.

13.     Admit that Plaintiff was enrolled in the Texas Maritime Academy and, upon completion of the Maritime Transportation program, Plaintiff would have been eligible to sit for examination to obtain a Third Mate or Third Assistant Engineer license.

14.     Admit the first sentence. Admit that Plaintiff completed her freshman year, but is without sufficient knowledge or information to form a belief about the truth of the term "successfully completed." Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation that Plaintiff made application for a joint program between TAMU and California Maritime Academy.

15.     Defendant is without sufficient knowledge to form a belief about the truth of the allegations in this paragraph. Defendant denies that Plaintiff's work with Crowley Marine was a Co-Op program of Defendant.

16.     Admit that Plaintiff participated in the program with Texas Maritime Academy and the California Maritime Academy for shipboard cadet training in July 2006. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation regarding Plaintiff's chosen career path. Admit that students were required to provide proof of personal health insurance as part of the shipboard training. Deny that students were required to have student health insurance through A&M–Galveston.

3

17. Admit.

18. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation regarding an injury in July 2006 or the location of the ship at the time.

19. Deny that Plaintiff was unable to return to the program at the Texas Maritime Academy. Admit that Plaintiff was unable to complete the program at the Texas A&M Maritime Academy. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation regarding the injury.

20. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

21. Deny the first and second sentences. Admit that the effective date of Plaintiff's withdrawal from enrollment at A&M–Galveston was October 19, 2006.

22. Admit.

23. Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

24. Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

25. Admit that Plaintiff's transcript shows she took classes at Galveston College in the Spring 2007 semester.

26. Admit that Plaintiff produced a letter dated December 30, 2006. Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations in the remainder of this paragraph.

27.     Deny that the January 29, 2007 letter made any reference to "the sponsoring agency." Admit the remainder of the paragraph.

28.     Deny the first sentence as it relates to Texas A&M. Defendant is without sufficient information to form a belief about the truth of the remainder of the sentence.

29.     Admit that Mr. Fred Olson provided forms to Plaintiff regarding a claim of injury. Admit that Olson directed Plaintiff to file her claim with the California Maritime Academy. Deny the remainder of the paragraph.

30.     Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

31.     Deny.

32.     Admit that a May 2, 2007 letter from Dr. Andrade states that an MRI of Plaintiff's lumbar spine was within normal limits.

33.     Admit that a July 31, 2007 letter from Dr. Duchon is quoted accurately. Defendant is without sufficient knowledge to form a belief about the truth of the allegation regarding what Dr. Duchon understood Plaintiff's duties to be at the time his letter was written.

34.     Admit that Plaintiff's transcripts from Galveston College show she was a member of Phi Theta Kappa. Defendant does not have sufficient knowledge or information to form a belief about the truth of the remainder of the paragraph.

35.     Admit that Plaintiff submitted an application to the Texas Maritime Academy that she signed on December 29, 2008. Deny the remainder of the paragraph.

36.     Defendant does not have sufficient knowledge or information to form a belief about the truth of the first sentence. Deny that William W. Pickavance wrote to Plaintiff on March 22,

2009 and granted her admission to the Texas Maritime Academy.  Admit that there is a March 2, 2009 form letter that was not mailed to Plaintiff.

37.     Deny that Plaintiff submitted an application for scholarship assistance on or about April 21, 2009.  Deny that the head of the scholarship committee noted in an email that Purvis was disabled handicapped.

38.     Admit that Plaintiff sent a readmission packet to A&M–Galveston that was received on April 21, 2009.  Defendant denies the remainder of the paragraph.

39.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  Defendant denies that the Plaintiff was told that the Interim Head of the Transportation did not see that she was fit for the readmission program.  Defendant denies that Plaintiff was told that her fitness had nothing to do with a physical injury.  Defendant denies that Plaintiff provided a medical release to the office regarding her medical condition.

40.     Deny the allegations in this paragraph.

41.     Admit that Plaintiff met with William McMullen on April 22, 2009.  Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation regarding whether Plaintiff overheard an intercom conversation or what was said during the alleged conversation.  Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation regarding whether Dr. McMullen knew Plaintiff was in the adjoining room.

42.     Admit that Plaintiff met with Dr. Sindylek on July 7, 2009.  Deny that he wanted Plaintiff to undergo testing for learning disabilities.

43. Admit that Plaintiff had an appointment with Dr. Ertell on July 28, 2009. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation regarding whether Dr. Sindylek scheduled the appointment.

44. Admit that Plaintiff was scheduled for testing with Dr. Ertell on July 28, 2009 and that she did not show for the appointment. Deny that Dr. Sindylek told Plaintiff that the test results would not change his negative opinion regarding her fitness. Deny the last sentence.

45. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation regarding what Plaintiff believed. Admit that Defendant's webpage states that A&M–Galveston does not fund or provide diagnostic evaluations to determine the presence of disabilities.

46. Defendant is without sufficient knowledge of information to form a belief about the truth of the allegation.

47. Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation that Plaintiff received an email from Sarah Trombley on July 9, 2009. Admit that Sarah Trombley sent an email to Plaintiff on July 8, 2009. Deny the remainder of the paragraph.

48. Admit that Plaintiff spoke with Debra Adams about filing a complaint. Deny that it was on July 10, 2009. Admit that Plaintiff's questions were referred to Sarah Trombley.

49. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation regarding whether Plaintiff went to Sarah Trombley's office. Admit that Plaintiff was referred to Grant Shallenberger. Admit that Purvis was directed to document her complaint in writing and direct it to Donna Lang.

50. Deny that Plaintiff received a letter from Rear Admiral Pickavance on July 23, 2009. Admit the remainder of the paragraph.

51. Admit that the letter dated July 23, 2009 from Rear Admiral Pickavance said Plaintiff could pursue other degree programs at A&M–Galveston.

52. Admit that Plaintiff provided a letter to A&M–Galveston from Chad Duchon, D.C. dated July 31, 2007. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation regarding whether the letter from Dr. Duchon or documentation was forwarded to the University prior to Plaintiff receiving the July 23, 3009 letter. Deny that Plaintiff provided all necessary documentation.

53. Admit that A&M–Galveston received a July 31, 2007 letter from Chad Duchon. Deny the remainder of this paragraph.

54. Deny that Plaintiff provided documentation from Galveston College regarding her physical education classes. Admit that Plaintiff provided a letter dated April 30, 2009 from Julie Solis. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation that Ms. Solis was a physical education instructor at Galveston College.

55. Admit that Plaintiff presented her complaint to Dr. Lang during a meeting on July 23, 2009 and that there was a man present. Deny that nothing came of this meeting.

56. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation regarding when Plaintiff retained counsel. Admit that Plaintiff filed two internal complaints at A&M–Galveston and a complaint with the Department of Education, Office of Civil Rights.

57.     Admit that Plaintiff complained of disability discrimination.  Admit that the Department of Education Office of Civil Rights found no basis for Plaintiff's allegations of discrimination or retaliation.

58.     Admit that Plaintiff complained of sex discrimination.  Admit that the Department of Education Office of Civil Rights found no basis for Plaintiff's allegations of discrimination or retaliation.  Deny the remainder of the paragraph.

59.     Deny the allegations in this paragraph.

60.     Deny that Plaintiff received a formal denial to the program by letter dated August 21, 2009.  Defendant admits that Rear Admiral Pickavance denied Plaintiff's admission to the Maritime Academy in a letter dated August 12, 2009 and his August 25, 2009 letter restated the same.

61.     Admit that Rear Admiral Pickavance denied Plaintiff's admission to the Maritime Academy in a letter dated August 12, 2009. Deny that there was a new reason for the denial in the letter.  Admit that the August 12, 2009 letter explained that the physical form did not reflect that Plaintiff had suffered from impaired range of motion or impaired balance or coordination. Admit that the August 12, 2009 letter says the records indicate that Plaintiff self-reported a ruptured disc which caused difficulty in walking and prevented her from lying flat and the absence on the physical form is a misleading representation.  Admit that the letter was signed by Admiral Pickavance.

62.     Deny that Defendant's reason for denial of admission was new or incorrect.  Admit that Plaintiff had reported injury or illness on multiple occasions.  Defendant lacks sufficient knowledge or information form a belief about the truth of the allegation that Plaintiff obtained

9

medical treatment for the injury through a University funded program. Deny that Plaintiff filed a workers' compensation claim through the University for benefits resulting from an injury. Deny that Plaintiff was removed from the Maritime Transportation program after an injury at the insistence of Dr. Bob Sindylek. Deny that Plaintiff completed the testing results to support her fit for duty status.

63. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation in the first sentence. Admit that a May 2, 2007 letter from Dr. Andrade indicates that a lumbar spine MRI was within normal limits. Defendant does not have sufficient knowledge to form a belief about the truth of the allegation regarding what Dr. Duchon thought was Plaintiff's problem. Admit that Dr. Duchon's July 31, 2007 letter states that Plaintiff was able to perform all duties required of her. Defendant is without sufficient knowledge to form a belief about the truth of the allegation that Dr. Duchon understood what Plaintiff's duties were.

64. Deny that Admiral Pickavance wrote, "We just finished the 'Purvis case' that was handled a bit 'ad hoc' and we almost got bit on September 17, 2010. Admit that Rear Admiral Pickavance wrote an email dated September 12, 2010 regarding the process for readmission that included the quote.

65. Deny.

66. Defendant is without sufficient knowledge to form a belief about the truth of the allegations in this paragraph. Deny that Plaintiff was denied an opportunity to demonstrate her fitness.

67. Admit that Plaintiff wrote several emails about her roommate Amanda's issues. Deny that Dr. Sindylek asked her to switch her major. Deny that Dr. Sindylek made recommendations to Amanda based upon considerations of gender and gender stereotypes.

68.   Deny.

## V. State Action

69.   Defendant is not required to admit or deny this paragraph.

70.   Admit.

71.   Admit.

## VI. Complaint of Discrimination
## Based upon Disability and Retaliation

72.   Defendant is not required to admit or deny this paragraph.

73.   Admit that Plaintiff attempts to characterize the substance of Section 504 of the Rehabilitation Act.  Admit that TAMU is an agency of the State of Texas.  Deny the second sentence.

74.   Deny.

75.   Deny the first sentence.  Admit that plaintiff engaged in protected activities when she filed complaints that were investigated and found that there was no basis to her complaints. Deny the remainder of the paragraph.

76.   Deny.

## VII. Claims for Relief Pursuant to the
## Americans with Disabilities Act

77.    Defendant is not required to admit or deny this paragraph.

78.   Deny.

79.   Deny.

80. Admit that TAMU is a public entity which receives federal financial assistance. Deny that TAMU is "covered by the mandate of the ADA" asserted in this case.

81. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation. Deny that TAMU is subject to the ADA as asserted in this case.

82. Deny.

83. Deny.

### VIII. Complaint of Discrimination Title IX

84. Defendant is not required to admit or deny this paragraph.

85. Deny that Defendant has discriminated against Plaintiff based upon gender or gender stereotypes.

86. Admit that Texas A&M University is an institution of higher education and receives federal funding. Deny the remainder of the paragraph.

87. Deny. Further, Defendant does not have knowledge of what Plaintiff believes.

### IX Ratification

88. Defendant is not required to admit or deny this paragraph.

89. Deny that Defendant has ratified all acts, omissions and customs of personnel and staff.

90. Deny that Defendant is responsible for all acts and omissions of staff persons who were otherwise responsible for the provision of educational services to Plaintiff. Deny that Plaintiff was discriminated against.

### X. Proximate Cause

91. Defendant is not required to admit or deny this paragraph.

92. Deny.

### XI. Damages

93. Defendant is not required to admit or deny this paragraph.

94 a-i. Defendant denies that Plaintiff is entitled to any of the damages requested herein.

95. Defendant denies that Plaintiff is entitled to any of the damages requested herein.

### XII. Attorney Fees

96. Defendant is not required to admit or deny this paragraph.

97. Defendant denies that Plaintiff is entitled to attorney(s) fees and costs.

### XIII. Demand for Jury Trial

98. Defendant is not required to admit or deny this paragraph.

### XIV Prayer for Relief

99. Defendant denies that Plaintiff is entitled to any of the relief prayed for in this lawsuit.

### AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), Defendant asserts the following affirmative defenses:

1. Defendant asserts the affirmative defense of failure to mitigate damages, if any.

2. Defendant asserts the affirmative defense of limitations to the extent that any of Plaintiff's claims are based upon acts or events which occurred outside of the applicable statute of limitations.

3. Defendant asserts that Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted.

4. Defendant asserts that any and all decisions regarding the Plaintiff were wholly appropriate and would have been taken regardless of the Plaintiff's alleged complaints.

5. Defendant asserts the defense of sovereign immunity or Eleventh Amendment immunity as to any of Plaintiff's claims or requests for damages for which there has been no statutory or express

waiver.

6. Defendant asserts that any actions taken against Plaintiff were based on neutral, non-discriminatory practices and policies and were taken without discriminatory or retaliatory animus.

7. Defendant acted in good faith and reasonably relied upon the representations of Plaintiff regarding her injuries and/or applications for admission and was misled by the omission(s).

8. Plaintiff, through her conduct, acts and omissions is estopped for asserting or recovering under any of her causes of actions in this action. Defendant alleges that Plaintiff knew or should have known of the damages claimed in her complaint but failed to take any corrective measures and failed to notify any other party of the need for such corrective measures, thereby estopping Plaintiff from claiming damages as a result of the alleged discrimination.

9. Defendant asserts the right to add additional affirmative defenses as they become apparent in the discovery of this case.

## PRAYER

Defendant prays that Plaintiff take nothing by reason of this suit, that judgment be entered in favor of the Defendant, that costs of this suit be taxed against the Plaintiff and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

JAMES "BEAU" ECCLES
Chief, General Litigation Division


*/s/ David G. Halpern*
**DAVID G. HALPERN**
Texas Bar No. 00790812
Assistant Attorney General
Southern District I.D. No. 18301
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document has been served via the Court's ECF notification system on April 4, 2013, to:

John Judge
JUDGE, KOSTURA, & PUTNAM, P.C.
2901 Bee Cave Road, Suite L
Austin, TX  78746

Martin J. Cirkiel
CIRKIEL & ASSOCIATES, P.C.
1901 E. Palm Valley Blvd.
Round Rock, TX  78664


*/s/ David G. Halpern*
**DAVID G. HALPERN**
Assistant Attorney General